GONZÁLEZ ET AL., DEMANDANTES Y APELANTES, *v.* LÓPEZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre nulidad de declaratoria de herederos.

No. 998.—Resuelto en diciembre 1, 1913.

HIJOS NATURALES—RECONOCIMIENTO SOLEMNE—CONSTANCIA AUTÉNTICA Y FEHACIENTE.—Para que el reconocimiento de un hijo natural se entienda realizado y surta todos sus efectos legales, es necesario que se haga de una manera solemne por el padre con la firme voluntad de realizarlo y que quede de él la debida constancia auténtica y fehaciente.

ID.—ACTOS DEL PADRE TENDENTES A ESTABLECER SU PATERNIDAD—NECESIDAD DEL EJERCICIO DE LA ACCIÓN DE FILIACIÓN.—Cuando el padre realizaba actos tendentes a establecer su paternidad que por sí solos no constituían un reconoci-

miento solemne y de los que no quedaba constancia auténtica y fehaciente, bajo las leyes de Toro; cuando ocurrían los casos del artículo 137, bajo el Código Civil antiguo y cuando se realizan los del artículo 189 del vigente Código Civil Revisado, entonces debía y debe ejercitarse la acción de filiación y el reconocimiento debía y debe constar por la ejecutoria solemne de un tribunal competente.

ID.—PARTIDAS DE BAUTISMO Y DE MATRIMONIO—VALOR PROBATORIO DE LAS MISMAS.—Las partidas de bautismo y de matrimonio prueban la administración del bautismo y la celebración del matrimonio en las fechas que expresan, pero no prueban la veracidad de las manifestaciones que en ellas se insertan respecto de la filiación del bautizado o casado.

ID.—PARTIDAS DE BAUTISMO—DOCUMENTO PÚBLICO.—La constancia puesta al pie de una partida de bautismo por el cura párroco después del cambio de soberanía y la separación de la Iglesia del Estado, en el sentido de que ante él compareció el supuesto padre del bautizado y expresó su voluntad de reconocerlo como hijo, sólo tiene el carácter de documento privado, y no puede considerársele como constancia auténtica y fehaciente del reconocimiento, y tal reconocimiento por sí solo no da derecho al reconocido a pedir la nulidad de la declaratoria de herederos de su supuesto padre por no haber sido él incluído en la misma.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José G. Torres.*

Abogado de los apelados: *Sr. Rafael López Landrón.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Este es un pleito sobre nulidad de declaratoria de herederos. Ana González viuda de López, en su calidad de madre con patria potestad sobre sus hijos menores de edad nombrados Ana María y Ramón López y González, y además por su propio derecho, entabló demanda en la Corte de Distrito de San Juan, sección primera, contra Ramona López y los menores Miguel, Lucía, Dolores, Julia, Conrado, Francisco y Jorge López y Ortiz, alegando lo que sigue:

1°. Que con fecha 14 de noviembre de 1912, la misma corte de distrito había declarado a los demandados únicos y universales herederos de su padre natural Manuel López Martínez.

2°. Que dicho Manuel López Martínez tuvo y dejó otro hijo natural reconocido llamado Juan Ramón López y Ramírez, el cual murió 10 meses después del padre y dejó, de su

matrimonio con la demandante, dos hijos menores que están bajo la patria potestad de la dicha demandante, y

3º Que no habiéndose incluído en la declaratoria de herederos de Manuel López Martínez a su nombrado hijo natural reconocido Juan Ramón López Ramírez, ni en su representación a su viuda e hijos indicados, la declaratoria hecha no comprendió, como debió comprender, a todos los herederos de Manuel López Martínez y era por consiguiente nula.

Los demandados contestaron la demanda aceptando la alegación primera y negando las alegaciones segunda y tercera.

Señalado día para la vista solo compareció la parte demandante. Practicada la prueba, la corte la estimó insuficiente y por tal motivo declaró la demanda sin lugar por sentencia registrada el 28 de marzo de 1913, contra la cual se interpuso el presente recurso de apelación.

Veámos cuál fué la prueba que la corte consideró insuficiente. Consistió en documentos y en declaraciones de testigos. Los documentos fueron:

(*a*) Certificación del Registro Civil de Toa Alta creditiva del matrimonio celebrado el 29 de mayo de 1909, entre Juan Ramón López y Ramírez, y Ana Liboria González y López. En ella figura López como hijo legítimo de Manuel López Martínez.

(*b*) Otra certificación del Registro civil de Toa Alta creditiva de la defunción de Ramón López Ramírez, ocurrida en dicho pueblo el 9 de septiembre de 1911. En ella se hace constar que López se hallaba casado, al morir, con Ana González y López.

(*c*) Otra certificación del Registro Civil de Toa Alta creditiva de la muerte de Manuel López Martínez, haciendose constar que a su muerte se hallaba en estado de soltería; y

(*d*) una certificación de la partida bautismal del niño Juan Ramón. El bautizo se celebró en la parroquia de Vega Alta el 22 de febrero de 1884 y se consignó que el bautizado era

hijo natural de María Rosario Ramírez.  Al pie de la inscripción se hizo constar años después lo que sigue:

"Certifico que en esta fecha se ha presentado a este despacho parroquial el señor don Manuel López Martínez, natural de Toa Baja, y me ha declarado ser de su voluntad reconocer al joven Juan Ramón por su legítimo hijo.  Y para mayor autenticidad firmo la presente junto con los testigos en la parroquia de Vega Alta a ocho de septiembre de mil novecientos seis.  El Cura, Eliseo Echevarría.  Teodomiro Ramírez.  Ramón Orsini.  Enrique Vega.  Jacinto Seijo."

Los testigos manifestaron:

1. Marcelino Franco, que estaba encargado del archivo parroquial de Vega Alta, y que la certificación de la partida de bautismo, documento letra D, que se le presentaba, era exactamente igual a su original obrante al folio 204 del libro décimo de bautismos de Vega Alta;

2. Teodomiro Ramírez, que presenció el reconocimiento a que se refiere la constancia que se hizo al pié del documento letra D;

3. Ramón Orsini, lo mismo que el anterior, y

4. Ana González, que era la viuda de Juan Ramón López, que tuvo con él dos hijos nombrados Ana María y Ramón, que conoció al padre de su esposo, Don Manuel López Martínez, el cual era ciego y no sabía firmar.

Para apreciar el valor de la prueba en este caso es necesario fijar bien la clase de acción que se ejercita en el mismo.  Si el pleito versara sobre filiación, esto es, si la parte demandante pidiera que se declarara que Juan Ramón López había sido reconocido como hijo natural por su padre Manuel López Martínez, la prueba sería suficiente, y si la acción se había ejercitado dentro del tiempo que la ley concede o nó habiéndose ejercitado dentro de tal tiempo no se hubiera alegado la prescripción por la parte demandada, procedería una sentencia favorable al demandante.  Pero el pleito no versa sobre tal extremo.  La parte demandante asume que Juan Ramón López no sólo era un hijo natural de Manuel López que tenía

derecho a ser reconocido como tal, sino que había sido ya reconocido en debida forma. Y siendo esto así, varían las circunstancias, y la prueba suficiente para el primer caso, resulta insuficiente para sostener el segundo.

Esta Corte Suprema en repetidas decisiones, alguna de las cuales ha sido confirmada por la Corte Suprema de los Estados Unidos, ha resuelto que el hijo natural deriva su derecho del reconocimiento y que para que el reconocimiento se entienda realizado y surta todos sus efectos legales, es necesario que se haga de un manera solemne por el padre con la firme voluntad de realizarlo y que quede de él la debida constancia auténtica y fehaciente. Y que cuando el padre realizaba actos tendentes a establecer su paternidad que por sí solos no constituían un reconocimiento solemne y de los que no quedaba constancia auténtica y fehaciente, bajo las leyes de Toro; cuando ocurrían los casos del artículo 137, bajo el Código Civil antiguo, y cuando se realizan los del artículo 189 del Código Civil revisado, entonces debía y debe ejercitarse la acción de filiación y el reconocimiento debía y debe constar por la ejecutoria solemne de un tribunal competente. Véanse los casos de *Gual* v. *Bonafoux,* 15 D. P. R., 545; *Amsterdam et al.* v. *Puente et al,* 16 D. P. R., 555; *Puente et al* v. *Puente et al.,* 16 D. P. R., 582; *Matienzo* v. *Morales et al.,* 16 D. P. R., 588; *Rijos* v. *Folgueras,* 16 D. P. R., 624; *Jesús* v. *Sucesión Pérez Villamil,* 18 D. P. R., 403.

Los documentos marcados con las letras *a, b, c* y *d* solo demuestran cumplidamente que en las fechas indicadas en los mismos tuvieron lugar: *a,* el matrimonio de la demandante con Juan Ramón López Ramírez; *b,* la defunción de Juan Ramón López; *c,* la de Manuel López Martínez y *d,* el bautismo de Juan Ramón Ramírez. Los demás hechos que en ellos se hacen constar podrían tener algún valor probatorio unidos a otras pruebas en algunos casos, pero nunca podrían ser considerados por sí solos como prueba plena de su existencia. A este respecto esta Corte Suprema en el caso de *Aguayo et al.* v. *García,* 11 D. P. R., 274, 285, decidió "que

las partidas de bautismo y de matrimonio hacen fé del hecho que motiva su otorgamiento y de la fecha de éste, o sea, de la administración del bautismo y de la celebración del matrimonio, en las fechas que expresan; pero no de la veracidad de las manifestaciones que en ellas se inserten respecto de la filiación del bautizado o casado.''

Y en cuanto a la constancia que figura al pié de la partida de bautismo del niño Juan Ramón, relativa a su reconocimiento como hijo legítimo (*sic*) de Manuel López Martínez, para juzgar su valor probatorio debe atenderse a su fecha. Esta es la del 8 de septiembre de 1906, cuando ya estaba en todo su vigor en Puerto Rico la soberanía americana. Separada bajo tal soberanía la Iglesia del Estado, no puede reconocérsele autenticidad de documento público u oficial al otorgado ante un sacerdote. De ahí que la constancia puesta por el Cura de Vega Alta sólo tenga el carácter de documento privado y por tanto, que no pueda considerársele como la constancia auténtica y fehaciente del acto realizado, que la jurisprudencia exige.

En apoyo de lo expuesto en el párrafo que antecede, citaremos los casos de *Sucesión Díaz* v. *Sucesión Díaz,* 17 D. P. R., 57, en el que esta Corte resolvió, que a los efectos de probar la filiación natural no es suficiente ''la mera afirmación del párroco de que el mismo padre dispuso que se consignara en la partida bautismal que el bautizado era su hijo natural,'' y el de *Rodríguez* v. *Rodríguez et al.,* 18 D. P. R., 440, en el que se decidió que ''el reconocimiento de un hijo natural hecho en cédula testamentaria que no ha sido elevada a escritura pública, no puede producir efecto alguno en una acción de nulidad de declaratoria de herederos ejercitada bajo la base de existir reconocimiento consignado en documento público, carácter que por sí no tiene la cédula testamentaria.''

A virtud de todo lo expuesto se concluye que procedió de acuerdo con la ley y la jurisprudencia el juez sentenciador al estimar insuficiente la prueba aportada por la parte demandante para sostener sus pretensiones, y en su conse-

cuencia, que debe declararse sin lugar el recurso interpuesto y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.