EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* OSVALDO VARGAS WISCOVICH, acusado y apelante.

Núm. 13385.—*Sometido*: Noviembre 1, 1948. *Resuelto*: Noviembre 26, 1948.

*José Rafael Gelpí*, abogado del apelante; *Hon. Procurador General Luis Negrón Fernández*, y *J. Rivera Barreras, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de un caso de violación técnica. El acusado fué declarado culpable por un jurado, solicitó un nuevo juicio que le fué denegado, siendo sentenciado a cumplir una pena indeterminada de cinco a nueve años de presidio. Apeló y en este recurso alega que la corte inferior erró al negarse a admitir como prueba del acusado la partida de bautismo de la presunta perjudicada; al no permitir al acusado presentar toda su prueba para sostener su moción de nuevo juicio y al declarar ésta sin lugar.

El primer error señalado carece de méritos. El acusado pretendió con la partida de bautismo de Divina Cotty, impugnar la certificación de nacimiento expedida por el Registro Demográfico, presentada como parte de la prueba de cargo para demostrar que la presunta perjudicada nació el 16 de octubre de 1932 (el delito se cometió el 24 de mayo de 1945), por el hecho de que en dicha partida aparecía que ella había nacido el 29 de marzo de 1929. Hemos resuelto que una partida de bautismo hace fe del hecho que motiva su otorgamiento y de la fecha de éste, o sea de la administración del bautismo y de nada más. *Aguayo et al. v. García*, 11 D.P.R. 274. La certificación del Registro Demográfico en relación con el nacimiento de la presunta perjudicada constituía prueba de dicho hecho, la cual no podía ser im-

384

pugnada por la partida de bautismo. De acuerdo con el artículo 250 del Código Civil (Ed. 1930)(¹) dicha prueba sólo podía ser suplida por otra en los casos específicamente en él enumerados.

 El segundo y el terecer error envuelven una sola cuestión. El acusado solicitó la concesión de un nuevo juicio por el fundamento de nueva prueba descubierta después del juicio. Dicha prueba consistía en una segunda certificación del Registro Demográfico en relación con el nacimiento de Divina Cotty, la presunta perjudicada. De esta certificación aparece que la propia madre inscribió a su hija en 9 de junio de 1936 e hizo constar que ésta había nacido el 29 de abril de 1929.(²) Explicó el acusado la forma en que, incidentalmente, se había encontrado esta inscripción por la encargada del Registro Demográfico de Cabo Rojo después de celebrado el juicio.(³) La corte inferior resolvió que esta segunda certificación no era admisible en evidencia y que no siéndolo no procedía conceder un nuevo juicio. Basó su resolución en el artículo 31 de la Ley núm. 24, aprobada el 22 de abril de 1931 (pág. 229), o sea la Ley del Registro Demográfico de Puerto Rico que, en su Disponiéndose, dice así:

"*Disponiéndose,* que las omisiones o incorrecciones que aparezcan en cualquier certificado antes de ser registrado en el Departamento de Sanidad podrán ser salvadas insertando las correcciones o adiciones necesarias en tinta roja en dicho certificado, *pero luego de haber sido archivado en el Departamento de Sanidad, no podrá hacerse en los mismos rectificación, adición, ni enmienda alguna que altere sustancialmente el mismo, sino en virtud de orden de una corte*

---

(¹) El artículo 250 dispone que: "Las actas del registro serán la prueba del estado civil, la cual sólo podrá ser suplida por otras en el caso de que no hayan existido aquéllas o hubiesen desaparecido los libros del registro, o cuando ante los tribunales se suscite una contienda."

(²) Esta es la tercera fecha en que aparece naciendo Divina Cotty—16 de octubre de 1932, 29 de marzo de 1929 y 29 de abril de 1929.

(³) Es conveniente hacer constar que el juicio en este caso fué el segundo, pues en el primero no hubo veredicto.

*de distrito*, cuya orden, en tal caso, será archivada en el Departamento de Sanidad haciendo referencia al certificado a que corresponda.'' (Bastardillas nuestras.)

Después de citar este precepto de la ley, la corte se expresó en esta forma:

''En la solicitud de nuevo juicio radicada por el acusado no se alega que exista providencia judicial alguna en virtud de la cual haya sido modificada, anulada o declarada inexistente la inscripción del nacimiento de Divina Cotty hecha en mil novecientos treinta y dos, y del testimonio del testigo Pedro Nelson Colberg también resulta que no existe providencia judicial alguna que autorice modificación alguna en dicha inscripción, por lo que esta inscripción de mil novecientos treinta y dos es la única que a la luz de las disposiciones de la Ley del Registro Demográfico de 1931 tiene valor y eficacia legales, siendo nula e inexistente para todos los fines de ley cualquier inscripción hecha posteriormente sin la intervención judicial, no importa quién la hubiera hecho y para los fines que hubiera sido hecha.

''El cambio de edad en una inscripción de nacimiento es un hecho tan substancial que no solamente requiere la intervención judicial para su validez y eficacia legales, sino que esa intervención judicial debe ser canalizada a través de procedimientos legítimos y a base de prueba concluyente que satisfaga al juzgador, no siendo suficiente a esos efectos la mera tramitación de un expediente *ad perpetuam rei memoriam*, según lo resuelto recientemente en el caso de *Ex parte Pérez*, 65 D.P.R. 938, dados la trascendencia y efecto que ese procedimiento puede tener en el estado y condición de la persona a que se contrae y el perjuicio que podría causar a un tercero.

''Sancionar lo contrario, o sea admitir inscripciones de nacimiento posteriores a la inscripción primitiva hecha en forma de ley, sin que aquéllas estén amparadas en una providencia judicial, que les dé legitimidad y eficacia legales, equivaldría a destruir los fines y echar por tierra la seriedad y estabilidad del Registro Demográfico, cuyos asientos o inscripciones estarían a merced de los egoísmos e intereses desenfrenados, y dejaría así de ser dicho Registro la institución seria y responsable que responde a una necesidad del Estado.

"El documento en que pretende basar el acusado su moción de nuevo juicio es altamente sospechoso, dadas las circunstancias que concurren en este proceso en el que hubo que celebrarle dos juicios al acusado por no haber habido veredicto en el primero, y sería siempre altamente sospechoso, atendidas esas circunstancias, aun en el supuesto de que estuviese amparado en una providencia judicial dictada a tenor de las exigencias que establecen el artículo 31 de la Ley del Registro Demográfico de 1931 y el citado caso de *Ex parte Pérez*, 65 D.P.R. 938."

No podemos estar conformes con todas las conclusiones a que llegó la corte inferior. Al no permitir la corte la presentación de prueba adicional en la vista de la moción de nuevo juicio, no existe nada en el récord que pueda aclarar el motivo que tuvo la madre para inscribir a su hija en el año 1936 no obstante haber sido inscrita por un particular en el año 1932. No tenemos duda de que el fin que persigue el artículo 31, supra, es evitar que en los asientos del Registro Demográfico se hagan enmiendas o alteraciones de clase alguna sin que medie una orden judicial, no siendo suficiente para efectuarlas una información *ad perpetuam rei memoriam*, según resolvimos en el caso de *Ex Parte Pérez*, supra. Aquí la situación es distinta. Existían y existen en el Registro Demográfico de Cabo Rojo dos inscripciones del nacimiento de Divina Cotty, completamente contradictorias. La segunda, verificada en el año 1936, se hizo por el Registrador Demográfico aparentemente ignorando por completo que existiera una anterior verificada en el año 1932. ¿Cuál de las dos expone los hechos ciertos? Lo ignoramos y también tenía que ignorarlo la corte inferior, pues nada tuvo ante su consideración que tendiera a demostrar que debía considerar "sospechosa", como hizo constar, la segunda inscripción. Esa conclusión no está sostenida por prueba alguna. El delito en este caso se cometió en el año 1945, así es que no puede presumirse que la inscripción realizada por la madre en el año 1936, y a falta de prueba en contrario tenemos que aceptar que fué hecha en dicho año, se hiciera con el fin

de que pudiera servir para impugnar en un caso de violación, nueve años después, la inscripción realizada en el año 1932.

La corte inferior al resolver que la certificación de nacimiento extendida en 1936 era inadmisible en evidencia y al declarar sin lugar la moción de nuevo juicio, no tuvo ante su consideración evidencia alguna que probase que la fecha de nacimiento consignada en dicha certificación no fuera verdadera. Somos de opinión que dentro de un proceso criminal no puede dilucidarse la validez o nulidad de una de dos inscripciones de nacimiento contradictorias existentes en el Registro Demográfico. Aceptamos que es aplicable a este caso el artículo 31, supra, por constituir la segunda inscripción una enmienda de la primera en cuanto a la fecha del nacimiento de Divina Cotty, pero el hecho es que dicha segunda inscripción existe y que nada hay en el récord que pueda indicar que el apelante tuvo intervención alguna en obtenerla. Empero los derechos del apelante en este caso sí quedan afectados de ser correcta la información contenida en la segunda inscripción, ya que si la presunta perjudicada había nacido en el año 1929 y no en el 1932, no existía base para procesarlo por una violación técnica. Aun cuando dicha segunda inscripción no fuera admisible en evidencia por constituir una enmienda, no autorizada judicialmente, de la primera inscripción, los fines de la justicia justificaban que la corte inferior, antes de resolver la moción de nuevo juicio, concediera una oportunidad amplia al apelante para que pudiera obtener que la corte, en procedimiento independiente, después de conocer toda la prueba relacionada con esa segunda inscripción, ordenara, si procedía, la enmienda correspondiente en la primera inscripción. A este efecto no podemos olvidar, que si bien la partida de bautismo no era admisible para impugnar la primera inscripción de 1932, dicha partida juega un papel importante en el caso, al confrontarse con los hechos consignados en la segunda ins-

cripción de 1936, ya que la presunta perjudicada aparece como bautizada en el año 1929, es decir en el mismo año en que se dice que nació, según la segunda inscripción.

Las circunstancias que concurren en cuanto a la fecha exacta del nacimiento de Divina Cotty, hecho primordial en la acusación de violación técnica contra el apelante, ameritan que este caso sea considerado y tratado como un caso aislado en el cual, si bien debe aplicarse la intención que tuvo el legislador al aprobar el artículo 31, supra, de la Ley del Registro Demográfico, al mismo tiempo se dé la oportunidad al apelante de que mediante el procedimiento civil correspondiente, si fuere procedente, logre que se enmiende la primera inscripción verificada en el año 1932 para conformarla con la segunda realizada en el año 1936, o para que se ordene la cancelación de dicha segunda inscripción si fuere nula. Tratándose de un asunto que debe ventilarse en la misma Corte de Distrito de Mayagüez, no vemos qué perjuicio puede ocasionarse en dejar pendiente de resolución la moción de nuevo juicio del acusado hasta que dicho procedimiento sea terminado, ya que la propia corte, con la intervención del fiscal, puede acelerar la resolución que en el mismo deba recaer. Si se resolviera que procede enmendar la primera inscripción es obvio que procedería la concesión de un nuevo juicio. Si por el contrario se demuestra que no procede dicha enmienda es obvio también que no procedería dicha concesión.

*Debe dejarse sin efecto la sentencia dictada, revocarse la resolución denegatoria del nuevo juicio y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*