Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| AYLEEN TORRES SUÁREZ<br><br>Apelante<br><br><br>EX PARTE<br><br><br>DEPARTAMENTO DE SALUD<br>REGISTRO DEMOGRÁFICO<br><br>Apelada | KLAN202400789 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Civil<br>Núm.:<br>GB2024CV002887<br><br>Sobre:<br>Corrección de Acta de Nacimiento |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece la Sra. Ayleen Torres Suárez (Sra. Torres Suárez o Apelante) mediante recurso de Apelación y solicita que revisemos la *Resolución* emitida el 1ro de julio de 2024 por el Tribunal de Primera Instancia, Sala de Guaynabo. En el referido dictamen, el foro apelado denegó una petición de corrección de Acta de Nacimiento por ausencia de prueba testifical y documental contemporánea al alumbramiento de la Apelante. Adelantamos que, por los argumentos esbozados a continuación, confirmamos al foro apelado.

Según surge del expediente, la Sra. Torres Suárez presentó una petición sobre corrección de Acta de Nacimiento el 27 de marzo de 2024, con el fin de resolver la discrepancia que impide cobrar su Seguro Social. La Apelante alegó que nació el 27 de octubre de 1959 y no el

Número Identificador

SEN2024 _____

27 de septiembre de 1959, como aparece en su Certificado de Nacimiento, expedido por el Registro Demográfico el 15 de febrero de 2024. Para evidenciar el uso del mes de octubre, la Sra. Torres Suárez presentó el Certificado de Bautismo fechado a más de un año de su nacimiento en el estado de Nueva York. También, la licencia de conducir y tarjeta electoral con fecha de expedición del año 1993 y 1998, ambas vencidas, así como dos Declaraciones Juradas suscritas por la Apelante y su hermana mayor en la cual aseguran ese hecho. En cuanto a documentación oficial con fecha de septiembre, presentó, entre otras cosas, copia de licencia de conducir y pasaporte vigente. La Apelante añadió que su alumbramiento se realizó a través de una comadrona y que no existe persona viva que haya presenciado el parto.

La Sra. Torres Suárez alegó, además, que el Registro Demográfico no cumplió con su deber ministerial al no adherir un sello de un dólar ($1.00) en el Certificado de Nacimiento Literal por inscripción tardía y calificó ese acto como ilegal. Por consiguiente, la apelante testificó que se le mostraron los libros originales en el Registro Demográfico de Arecibo y que esta observó que habían sido alterados con trazos y tinta blanca.

Por su parte, el Registro Demográfico mediante "Moción Informativa y en Cumplimiento de Orden", sugirió que se presente evidencia con garantías de confiabilidad como, por ejemplo, récord de parto y/o testimonios que hayan presenciado el parto. Luego de celebrada la vista, el Tribunal emitió una *Resolución* en la cual denegó la corrección del Acta de Nacimiento por entender que no había prueba pertinente al momento del nacimiento que derrotara la presunción de corrección de las constancias del Registro Demográfico.

Posteriormente, la Sra. Torres solicitó reconsideración, que el foro de instancia declaró sin lugar.

Una vez denegada la reconsideración presentada, la Sra. Torres comparece ante este Tribunal de Apelaciones y alega que erró el Tribunal de Primera Instancia al denegar la corrección del Acta de Nacimiento por no haber considerado prueba suficiente para corregir el Acta. Añadió que el mismo foro erró al exigir prueba que resulta imposible proveer y un *quantum* de prueba excesivo para un caso civil. En posesión de ambos alegatos, estamos en posición de resolver. Veamos.

El certificado de nacimiento es el documento que refleja los datos vitales de la persona al momento de su nacimiento, como es la fecha, lugar, el nombre o la identidad, el sexo y la filiación paterna y materna. *Delgado, Ex parte*, 165 DPR 170 (2005) (citando a *K. v. Health Div., Dept. of Human Resources*, 560 P.2d 1072, 1072 (Or. 1977)). Asimismo, la información que aparece en el Registro Demográfico es considerada evidencia *prima facie* de lo que se pretende constatar. Íd. Ello así, la *Ley del Registro Demográfico* establece, a modo de *numerus clausus*, las únicas instancias en que se pueden realizar cambios en las anotaciones de un Acta de Nacimiento, por lo que no debe ser interpretada de manera liberal o expansiva. Íd. Véase Ley Núm. 24 de 22 de abril de 1931 (24 LPRA sec.1231).

A manera de excepción, la *Ley del Registro Demográfico* provee el procedimiento para enmendar un Acta de Nacimiento luego de haber sido registrado:

> La rectificación, adición o enmienda de un certificado ya archivado en el Registro General Demográfico se hará insertando en él las correcciones, adiciones o enmiendas autorizadas por el tribunal. Las tachaduras que fueren necesarias se harán de modo que siempre se

pueda leer la palabra tachada. El cambio, adición o modificación de nombre o apellido sólo podrá hacerse a instancia del interesado, quien deberá presentar ante cualquier Sala del Tribunal de Distrito la oportuna solicitud, expresando bajo juramento los motivos de su pretensión, acompañada de la prueba documental pertinente en apoyo de su solicitud. Copia de la solicitud y de toda la prueba. […] Art. 31 de la Ley Núm. 24 de 22 de abril de 1931 (24 LPRA sec.1231).

Por otra parte, en reiteradas ocasiones el Tribunal Supremo ha resuelto que una partida de bautismo no es evidencia suficiente para hacer modificaciones a un documento oficial como es un Acta de Nacimiento. *Pueblo v. Vargas*, 69 DPR 382 (1948*); González et al. v. López et al.*, 19 DPR 1113 (1913); *Aguayo et al. v. García*, 11 DPR 274 (1906). Este documento eclesiástico da fe únicamente del hecho que motiva su otorgamiento, pero no de la veracidad de ciertas manifestaciones que en ellas se inserten, como la filiación o el estado civil. *Cirino v. Fuentes Fluviales,* 91 DPR 608 (1964); *Pueblo v. Vargas, supra; González et al. v. López et al., supra; Aguayo et al. v. García*, *supra*.

Ahora bien, la actual *Ley Electoral de Puerto Rico* dispone que, para la expedición de su tarjeta, se requiere que la fecha de nacimiento en dicha tarjeta sea la que figura en el Acta de Nacimiento. Art. 5.9 de la Ley Núm. 58 de 20 de junio de 2020 (16 LPRA sec. 4569). Mientras tanto, la *Ley de Vehículos y Tránsito* tiene como requisito la presentación de este documento oficial para poder expedir una licencia de conducir. Art. 3.08 de la Ley Núm. 22 de 7 de enero de 2000 (9 LPRA sec. 5058). Sin embargo, las leyes anteriores y derogadas—es decir, las leyes que regulaban la expedición de la tarjeta electoral y la licencia de conducir antes del 2020 y 2000, respectivamente—no exigían la presentación del Acta de Nacimiento. Secs. 3-105 y 3-106 de

la Ley Núm. 141 de 20 de julio de 1960; Art. 2.007 de la Ley Núm. 4 de 20 de diciembre de 1977 (16 LPRA ant. sec. 3057).

Por último, el Artículo 33 del Registro Demográfico, Reglamento Núm. 316 de 19 de septiembre de 1957, vigente a la fecha en que se expidió el Certificado de Nacimiento de la Sra. Torres Suárez, explica el proceso de inscripción tardía. Así pues, dicho artículo dispone que para más de diez (10) días y en un plazo de un año, la inscripción no tendrá más requisito que la presentación del certificado de nacimiento. Íd. Si se efectúa luego del año de prórroga, se cancelará un sello de rentas internas por el valor de un dólar ($1.00). Íd.

En el caso de epígrafe, la Sra. Torres Suárez no presentó evidencia suficiente con la que fuese posible impugnar la fecha contenida en su Acta de Nacimiento. Tal como se explicó, la partida de un bautismo no es el documento idóneo para rebatir las constancias de un Acta de Nacimiento, por lo cual no es posible que el Certificado de Bautismo que presentó la Apelante sea prueba suficiente para impugnar la confiabilidad y exactitud que nos brinda la certificación del Registro Demográfico. Más aún cuando en tal documento aparece el nombre Eileen Torres y no Ayleen Torres Suárez. Igualmente, las *Ley Electoral de Puerto Rico* y la *Ley de Vehículos y Tránsito* vigentes a la fecha en que se expidieron las tarjetas con fecha de octubre que la Apelante presentó como prueba, no tenían como requisito la presentación de un Acta de Nacimiento. De modo que, no deben ser consideradas como prueba pertinente para establecer que existe discrepancia en sus documentos oficiales. Más aún, cuando su documentación vigente,

como el pasaporte y licencia de conducir, aparecen con la fecha de nacimiento del mes de septiembre.[1]

De la misma forma, tampoco es válido decir que el Certificado de Nacimiento Literal se realizó de forma ilegal porque no se haya adherido el sello de un dólar ($1.00) de la supuesta inscripción tardía. En este caso, no había transcurrido un año, sino que poco más de un mes, por tanto, el Registro Demográfico no tenía la obligación de adherir dicho sello. Finalmente, no nos persuade el argumento de que se le mostró a la Apelante los libros originales y esta observó en el Registro Demográfico de Arecibo que habían sido "corregidos", ya que estos están custodiados en el área de Bayamón y no en Arecibo.[2] En ausencia de prueba, por tanto, es claro que el Tribunal de Primera Instancia actuó correctamente al denegar la petición. Por las consideraciones expuestas, se confirma la *Resolución* objeto del recurso de revisión.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Véase Apéndice del Apelante, págs. 20 y 22
[2] Anejo 2 del Alegato de La parte Apelada.